**MANPOWER, INC., Plaintiff,**

v.

**WOMENPOWER, INC., Defendant.**

**Civ. A. No. 83–68.**

United States District Court
D. Puerto Rico.

July 29, 1968.

Robert H. Rout, San Juan, Puerto Rico, for plaintiff.

Nicolás Delgado Figueroa, Santurce, Puerto Rico, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CANCIO, Chief Judge.

On Plaintiff's Motion for Preliminary Injunction herein dated April 30, 1968 and on the Affidavits of John H. Frank, Joseph Berolo, Olympia Sanchez, Alvaro Botero and Robert H. Rout and the Exhibits annexed thereto, filed by Plaintiff in support thereof, and upon Plaintiff's verified Complaint, and Defendant's Answer and Counterclaim and due notice having been had by all parties and the said Motion for Preliminary Injunction having come on for hearing before this Court on June 3 and June 4, 1968 and having heard the evidence, and Robert H. Rout, Plaintiff's attorney, in support of the Motion for Preliminary Injunction and Nicolás Delgado Figueroa, Defendant's attorney, in opposition thereto, the Court finds the facts and states the conclusions of law as follows:

## FINDINGS OF FACT

1. Plaintiff is a Delaware corporation having its principal place of business at 820 North Plankinton Avenue, Milwaukee, Wisconsin.

2. Defendant is a Puerto Rico corporation having its principal place of business at Suite No 707, 1519 Ponce de Leon Avenue, Santurce, Puerto Rico.

3. This is a civil suit between citizens of different states wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of Ten Thousand Dollars, wherefore this Court has jurisdiction under Title 28 U.S.C. Section 1332 and 48 U.S.C. Section 863. This is also an action for infringement of service marks registered in the United States Patent Office arising under the Trademark Act of July 5, 1946, Title 15 U.S.C. Section 1051 et seq., wherefore this Court also has jurisdiction under Title 28, U.S.C. Section 1338.

4. Plaintiff's temporary help services comprise the supplying of Plaintiff's employees to serve other individuals and businesses on a temporary basis, and typical jobs filled by Plaintiff's business employees in this manner are those of stenographers, clerks, skilled and unskilled laborers, domestic help and others.

5. Plaintiff operates or controls a total of over 500 offices located throughout the United States, including San Juan, Puerto Rico, and in many foreign countries, which offer temporary help services.

6. Plaintiff has adopted and is the owner of the service mark "Manpower"

for its services, and since 1948 in the continental United States and since 1961 in Puerto Rico, said mark has been continuously used in commerce by Plaintiff and its affiliates to identify the origin of its temporary help services.

7. Plaintiff and its affiliates have continuously for many years extensively advertised under Plaintiff's corporate name and the service mark "Manpower" by means of advertisements placed in nationally circulated magazines, in nationally distributed newspapers, in trade publications, in local newspapers and on radio and television. In addition, Plaintiff's name and the mark "Manpower" are displayed and advertised in millions of direct mail pieces distributed to customers and potential customers. Plaintiff's name and service mark have also been extensively promoted through articles about Plaintiff and its activities appearing in various publications.

8. Plaintiff's temporary help business had total sales, for the fiscal year ending June 30, 1967 of approximately $140,000,-000.00.

9. Plaintiff has consistently exerted its best efforts to insure that its services and those offered by its affiliates are of consistent high quality.

10. Plaintiff has developed, throughout the United States, including the Commonwealth of Puerto Rico, and is the owner of extensive good will of great value represented in large part by its corporate name and the service mark "Manpower".

11. Plaintiff is the owner of the following U.S. and Puerto Rico registrations:

### U. S.

| Reg. No. | Date | Mark |
|---|---|---|
| 672,305 | Jan. 6, 1959 | MANPOWER |
| 592,331 | July 6, 1954 | MANPOWER |
| 757,515 | Sept. 24, 1963 | WOMANPOWER |
| 749,437 | May 14, 1963 | MANPOWER |
| 659,924 | Mar. 25, 1958 | SALESPOWER |
| 758,221 | Oct. 8, 1963 | TRAVELPOWER |

### Puerto Rico

| Deposit Reg. No. | Date | Mark |
|---|---|---|
| 4,744 | Jan. 14, 1963 | MANPOWER |
| 4,880 | Feb. 17, 1965 | SALESPOWER |

12. Defendant is engaged in the Commonwealth of Puerto Rico in the business of providing permanent and temporary help services and acting as an employment agency under its corporate name "Womenpower, Inc." and uses and advertises said name and the mark "Womenpower" in connection with such business.

13. Much of Defendant's services are the same as Plaintiff's services, and its customers include businesses and individuals which do or are likely to utilize Plaintiff's services.

14. Defendant competes unfairly with Plaintiff in its use of and advertising under the name "Womenpower, Inc." and "Womenpower".

15. Defendant's use and advertising of the name ' 'Womenpower, Inc." and "Womenpower" infringe upon Plaintiff's rights in its registered service marks "Manpower" and "Womanpower".

16. Defendant has competed unfairly with Plaintiff and engaged in unfair and deceptive acts and practices in trade and commerce in Puerto Rico by making

false and disparaging statements respecting Plaintiff's business, threatening and intimidating Plaintiff's employees, and passing off some of its employees as employees of Plaintiff's.

17. Defendant has deliberately copied Plaintiff's style and manner of conducting its business by appropriating to its own use Plaintiff's logo of the world as used on Plaintiff's brochure containing its International Roster of Offices, Plaintiff's Time Slip Form and Plaintiff's Employee Application Form.

18. Defendant has deliberately copied Plaintiff's style and manner of conducting its business by copying Plaintiff's advertising techniques and layouts in Defendant's advertising campaign conducted since the commencement of this action.

19. Defendant established its business under the name Womenpower, Inc. and the mark "Womenpower" with the intent to deceive and defraud the public and potential customers into believing that Defendant is, or is associated with Plaintiff, or that its services are sponsored by Plaintiff, or that it is in some other manner related to Plaintiff.

20. Plaintiff has informed Defendant of its unfair competition and infringement and has consistently marked materials bearing its service marks with appropriate notice of registration.

21. Defendant's acts have caused and will continue to cause great damage to Plaintiff and to its good will.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the subject matter and of the parties of this action.

2. Plaintiff's service mark "Manpower" constitutes a valid service mark as used in commerce by Plaintiff and its affiliates to identify the origin of its temporary help services.

3. Plaintiff's service mark "Womanpower" constitutes a valid trade mark as used in commerce by Plaintiff and its affiliates to identify the origin of its temporary help services.

4. The United States Patent Office registrations of Plaintiff's service mark "Manpower" used in connection with its temporary help services Number 672,-305, dated January 6, 1959, Number 592,-331 dated July 6, 1954, and Number 749,-437 dated May 14, 1963, respectively, are valid and subsisting and are and have been since the respective dates thereof the property of Plaintiff.

5. The United States Patent Office registration of Plaintiff's service mark "Womanpower" used in connection with its temporary help services Number 757,-515, dated September 24, 1963 is valid and subsisting and is and has been since the date thereof the property of Plaintiff.

6. The United States Patent Office registration of Plaintiff's service mark "Salespower", Number 659,924, dated March 25, 1958 is valid and subsisting and is and has been since the date thereof the property of Plaintiff, or its subsidiaries.

7. The United States Patent Office registration of Plaintiff's service mark "Travelpower" Number 758,221, dated October 8, 1963 is valid and subsisting and is and has been since the date thereof the property of Plaintiff.

8. The Puerto Rico Department of State, Trademark Division, Deposit Registration of Plaintiff's service mark "Manpower" used in connection with its temporary help services, Number 4744, dated January 14, 1963 is valid and subsisting and is and has been since the date thereof the property of Plaintiff.

9. The Puerto Rico Department of State, Trademark Division, Deposit Registration of Plaintiff's service mark "Salespower", Number 4880, dated February 17, 1965 is valid and subsisting and is and has been since the date thereof the property of Plaintiff.

10. Plaintiff's service mark "Manpower" has acquired a high degree of public recognition.

11. The use by Defendant of the name "Womenpower" in connection with its temporary help services consti-

tutes infringement of Plaintiff's service marks "Manpower" and "Womanpower" and of their aforesaid registrations in the United States Patent Office and the Puerto Rico Department of State Trademark Division.

12. Defendant's name "Womenpower" is very similar to Plaintiff's service mark "Manpower" in that the last two syllables of both comprise the word "Power" which is the suggestive connotation as applied to the services of the parties. The first syllables "Women" and "Man" are words with distinctly similar connotations and when combined with the word "Power" are similar in appearance and sound and when spoken give rise to the suggestion that they are virtually identical.

13. The resemblances between "Womenpower" and "Manpower" are such as to be likely when used in Defendant's business to cause confusion or mistake or to deceive.

14. Defendant competes unfairly with Plaintiff in its use and advertising of the name "Womenpower, Inc." and "Womenpower" in that such use and advertising dilutes the distinctive quality of Plaintiff's name and the marks "Manpower" and "Womanpower".

15. Defendant's infringement of Plaintiff's service marks "Manpower" and "Womanpower" is fraudulent and willful and deceives and defrauds the public and potential customers of Plaintiff into believing that Defendant is, or is associated with Plaintiff, or that its services are sponsored by Plaintiff or that it is in some other manner related to Plaintiff.

16. Defendant competes unfairly with Plaintiff.

17. If Preliminary Injunction is not granted Plaintiff would be irreparably damaged.

18. It appears that Plaintiff will prevail in this action after trial.

19. Issuance of Preliminary Injunction herein will not cause undue injury, damage or loss to Defendant.

20. Failure to issue the Preliminary Injunction herein may leave Plaintiff without adequate remedy even if it prevails in this action after trial.

21. Damage to Plaintiff and its good will as a result of Defendant's infringement of Plaintiff's service marks "Manpower" and "Womanpower" and as a result of Defendant's unfair competition is not calculable to a reasonable degree of accuracy.

22. Where relevant questions of fact herein are in dispute arising out of conflicting testimony of Plaintiff's witnesses and Defendant's witnesses, the Court has based its Findings and Conclusions hereinabove on the credibility of Plaintiff's witnesses.

It is so ordered, and attorney for Plaintiff will submit appropriate Order of Preliminary Injunction in accordance herewith.