SNELLING AND SNELLING, INC.
(a Pennsylvania Corporation),
Plaintiff,

v.

SNELLING AND SNELLING, INC.
(a Puerto Rico Corporation),
Defendant.

Civ. No. 674-68.

United States District Court,
D. Puerto Rico.

Dec. 28, 1970.

Amadeo, Benet & Oliveras, San Juan, P. R., for plaintiff.

Luis A. Lugo, Jr., Hato Rey, P. R., for defendant.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

CANCIO, Chief Judge.

On plaintiff's request, a hearing on the merits of plaintiff's petition for permanent injunction was held on May 28, 1970 before this Court and having heard the evidence, and Antonio J. Amadeo Murga, plaintiff's attorney, in support of the petition for permanent injunction and Luis A. Lugo, Jr., defendant's attorney, in opposition thereto, the Court finds the facts and states the conclusions of law as follows:

### FINDING OF FACTS

1. Plaintiff is a Pennsylvania corporation having its principal place of business in the city of Paoli, Pennsylvania.

2. Defendant is a Puerto Rico corporation having its principal place of business in the city of San Juan, Puerto Rico.

3. This is a civil suit between citizens of different states wherein the amount in controversy, exclusive of in-

terest and costs, exceeds the sum of ten thousand dollars ($10,000.00), wherefore this Court has jurisdiction under Title 28 U.S.C. Section 1332. This is also an action for infringement of a service mark registered in the United States patent office arising under the Trademark Act of July 5, 1946, Title 15 U.S.C. Section 1051 et seq., wherefore this Court also has jurisdiction under Title 28, U.S.C. Section 1338.

4. Since December 1955, plaintiff has continuously engaged in commerce in the business of conducting, supervising, licensing and training personnel consulting and employment agency businesses in its confidential method and techniques of operating a personnel consultant and employment agency business. Its services also comprise the licensing of plaintiff's service name to its licensees and continued training and supervision of such licensees in the methods of operating a personnel consulting and employment agency business.

5. Plaintiff operates or controls a total of over 400 offices located in various states and in South America.

6. Plaintiff has never operated and at present is not operating in Puerto Rico. At the time of trial plaintiff had no knowledge of the legal requisites for the establishment of employment agencies in Puerto Rico.

7. Plaintiff has adopted and is the owner of the service mark "Snelling and Snelling" which is registered in the United States Patent Office since June 20, 1961, registration number 717,313.

8. Plaintiff has continuously used its service mark and name in commerce since December 1955 to identify the origin of its employment agency business and services.

9. Plaintiff and its licensees have for many years continuously and extensively advertised under plaintiff's corporate name and the service mark "Snelling and Snelling" by means of advertisements placed in nationally circulated magazines and nationally distributed newspapers. Plaintiff has never placed any advertisement in the Puerto Rican local newspapers and magazines or in any other local advertisement media.

10. The employment agency business operated by plaintiff has enjoyed increasing success throughout the years and plaintiff has consistently exerted its best efforts to insure that its services and those offered by its affiliates are of consistent high quality.

11. Plaintiff has developed throughout the United States and is the owner of extensive good will of great value represented in large part by its corporate name and the service mark "Snelling and Snelling".

12. Defendant is engaged within the territorial limits of the Commonwealth of Puerto Rico in the operation of an employment agency business under its corporate name "Snelling and Snelling, Inc. (Puerto Rico)" and has conducted said operation since August 2, 1967.

13. Defendant has denied any connection or association with plaintiff and has stressed the fact that it is a native concern.

14. Plaintiff first learned about the existence of defendant in late 1967 through a letter sent by a local newspaper employee and after becoming aware of defendant's existence, plaintiff filed with the Department of State of the Commonwealth of Puerto Rico a copy of its federal service mark on February 12, 1968.

15. As a matter of fact there is no actual competition, unfair or otherwise, between plaintiff and defendant in the market area comprised by the territorial limits of the island and Commonwealth of Puerto Rico and also as a matter of fact there is no likelihood of confusion at the present due to defendant's use of a name similar to plaintiff's.

16. Even though there is reason to infer that defendant has deliberately copied plaintiff's name, which this court profoundly dislikes as a matter of fact, said act has not caused any damage to plaintiff and to its good will.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the subject matter and of the parties to this action.

2. Plaintiff's service mark "Snelling and Snelling" constitutes a valid service mark as used in commerce by plaintiff and its affiliates to identify the origin of its employment agency services.

3. The United States Patent Office registration of plaintiff's service mark "Snelling and Snelling" used in connection with its employment agencies services Number 717,313, dated June 20, 1961, is valid and still subsists and is and has been since the aforementioned date the property of plaintiff.

4. Plaintiff has superior rights to the service mark "Snelling and Snelling" than defendant and there is no doubt that defendant "borrowed" its use and that the "borrowed" use was and is improper but under the circumstances present in this case, plaintiff has no right to immediate injunctive relief because it failed to establish a case of actual likelihood of confusion and competition in the same market area for identical services. Plaintiff also failed to establish present debasement of its protected mark.

It is established that the federal remedy against trademark infringement is not plenary or absolute, and is only available when the plaintiff can show a likelihood of confusion, mistake or deception arising in the market as a result of defendant's use of the mark registered to plaintiff. B & L Sales Associates v. H. Daroff & Sons, Inc., 2 Cir., 421 F.2d 352 (1970).

In our opinion the only real question before this Court is whether the unauthorized use by defendant of the service mark of the plaintiff was conducted in a distinct and geographical separated area from that of plaintiff's. If defendant is actually operating in an area served by plaintiff and which is not distinct and geographically separated, the injunction lies, otherwise the injunction should not be granted.

An example of the first situation is the case of Manpower Inc. v. Womenpower, Inc., D.C., 288 F.Supp. 132 (1968) which was an action brought before this Court by a Delaware corporation against a Puerto Rican corporation for infringement of the prior registered federal trademarks "Manpower" and "Womanpower" by defendant's names "Womenpower Inc." and "Womenpower". Both corporations were operating in San Juan, Puerto Rico and competing for the same customers, circumstance which is not present in this case. A preliminary injunction was granted in favor of plaintiff because, since both companies were operating in the same market area, there was unfair competition.

An example of the second situation is the case of Fairway Foods Inc. v. Fairway Markets, Inc., 9 Cir., 227 F.2d 193 (1955) which stands for the rule that where a federal registrant and an intrastate user of conflicting similar marks are using them in geographically separate and distinct market areas, with no real competition between them, and where there is no present likelihood that the federal registrant will expand his use into the area of use of the defendant, there is no cause shown for injunctive relief based on infringement. See also Mister Donut of America, Inc. v. Mr. Donut, Inc., 9 Cir., 418 F.2d 838 (1969).

We are convinced that the circumstances presented in this case fall under the doctrine stated in *Fairway*, supra and that plaintiff is not entitled to injunctive relief, the particular question before this Court was already decided in the case of Holiday Inns of America, Inc. v. B & B Corporation, 3 Cir., 409 F.2d 614 (1969). This was an action brought by an American corporation operating some 830 motels in the United States and other countries to restrain the use of the service mark "Holiday Inn" by a St. Thomas, Virgin Islands corporation operating a motel in that location under the name "Holiday Inn" and "Holiday Inn of St. Thomas". On appeal against summary judgment in plaintiff's favor granted by the District

Court of the Virgin Islands, it was held that although plaintiff had superior right to the use of the service mark, it was not entitled to injunction prohibiting defendant from using said mark in connection with the operation of its motel in the Virgin Islands until plaintiff itself commenced operations in said Islands, where plaintiff's nearest motel was located in San Juan, Puerto Rico, some 70 miles across the sea, there was no evidence showing a common-law debasement of name, and evidence of present confusion was at best scanty. It added that the use of the drastic power of injunctive relief must be used against conditions generating a presently existing actual threat and may not be used simply to eliminate a possibility of a remote future injury or a future invasion of rights, be those rights protected by statutes or by common-law. The similarity between the aforementioned case and the instant one is so marked that we are convinced that the doctrine of the former should operate over the latter.

5. Defendant does not, at present, compete unfairly with plaintiff and the injunction requested does not lie.

An order dismissing the complaint will be entered in accordance herewith.