**KIKI UNDIES CORPORATION,**
Plaintiff-Appellant,

v.

**ALEXANDER'S DEPARTMENT STORES, INC.,** Defendant-Appellee.

**No. 203, Docket 31373.**

United States Court of Appeals Second Circuit.

Argued Nov. 28, 1967.

Decided Feb. 2, 1968.

---

John P. Chandler, New York City, for plaintiff-appellant.

Lester S. Bardack, New York City (Javits Trubin Sillcocks Edelman & Purcell, New York City), for defendant-appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

MOORE, Circuit Judge:

Plaintiff, Kiki Undies Corporation (Kiki), appeals from an order granting defendant's, Alexander's Department Stores, Inc. (Alexander's), motion for summary judgment in its favor and dismissing plaintiff's complaint and action.

In its complaint, plaintiff alleged that it manufactures and sells ladies' intimate apparel, including undergarments and panties; that it is the owner of the registered trademarks "Kiki," "Kiki Magic," "Kiki Control" and "Kiki Satinette"; that its products bear its trademark "Kiki" or one of the other marks; that defendant has adopted and is using the trademark "Kicky" on ladies' and misses' skirts and "possibly" on goods of the same character as bear plaintiff's "Kiki" trademark; that the trademark "Kicky" is confusingly and deceptively similar to the trademark "Kiki" and constitutes a colorable imitation thereof; that Alexander's adopted the trademark "Kicky" to sell and palm off its merchandise as that of plaintiff; that Alexander's purpose was to deceive the public into believing that its products originated or were connected with plaintiff; and (by amendment) that the public has come to recognize products bearing the "Kiki" trademark as originating with plaintiff.

The answer, in substance, pleaded a general denial and defenses of laches and the descriptive word quality of "kicky" which foreclosed infringement as a matter of law.

▆▆▆ The motion for summary judgment (Rule 56, F.R.Civ.P.) called for the resolution of whether there were genuine issues as to material facts. The proof adduced before the court established clearly that the word "kicky" was used by Alexander's only as a descriptive adjective to indicate a youthful, sporty, "pert"[1] or "sassy"[2] appearance; that

[1]. Definition in Webster's New International Dictionary, 2nd Ed.

[2]. Definition in Webster's New International Dictionary, 3rd Ed.

the adjective was applied by Alexander's in its newspaper advertising to jumpers, sweaters, dresses, shifts, slacks, winter coats, ski jackets, tights, hats, shoes and handbags; and that the word "kicky" was also used as an adjective by many other manufacturers and stores in advertisements appearing in such magazines as "Mademoiselle," "Ingenue," "Harper's Bazaar," "Glamour," "Vogue" and "Seventeen" in describing such articles of apparel as skirts, coats, shoes and heels and, more technically, pleats and hemlines. Even more significant is the fact that plaintiff has offered no proof that Alexander's used "kicky" as a trademark or other than as a descriptive adjective. 15 U.S.C. § 1115(b) (4) provides in part that a term "descriptive of and used fairly and in good faith only to describe to users the goods * * * of such party" does not constitute infringement. See, Feathercombs, Inc. v. Solo Products Corporation, 306 F.2d 251, 256 (2 Cir.), cert. denied, 371 U.S. 910, 83 S.Ct. 253, 9 L.Ed.2d 170 (1962).

■ As to the unfair competition claim, although plaintiff asserts that there are questions of fact to be resolved, the record is completely devoid of such facts. No proof was offered that the public in buying coats, sweaters, or shoes described as "kicky" believed that it was receiving merchandise manufactured by the producers of "Kiki" panties. Nor was any proof submitted that "kicky" was unfairly used as a "trade-mark or trade name by a competitor seeking to palm off his products as those of the original user of the trade name." Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 335–336, 59 S.Ct. 191, 83 L.Ed. 195 (1938).

The court below in a careful analysis of the facts, the statutory defense, and the case law properly determined "the plaintiff's claim to be without merit," both as to trademark infringement and unfair competition.

Affirmed.