**B & L SALES ASSOCIATES, Plaintiff,**

v.

**H. DAROFF & SONS, INC., Defendant.**

**No. 68 Civil 826.**

United States District Court
S. D. New York.

April 25, 1969.

Segal & Dorris, Flushing, N. Y., for plaintiff, Wolf, Greenfield & Hieken, Boston, Mass., of counsel.

Weil, Gotshal & Manges, New York City, for defendant, Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa., of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

The complaint of plaintiff B & L Sales Associates (B & L), in three counts, charges defendant H. Daroff & Sons, Inc. (Daroff), with trademark infringement, unfair competition, and trademark dilution. The same facts, many of which are not in dispute, form the basis of the three claims. Daroff now moves for summary judgment pursuant to Rule 56 F.R.Civ.P. Jurisdiction is based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a) and (b).

On January 18, 1966, B & L, a partnership, registered its trademark "Come On Strong" for work clothing and leisure wear. Prior to this time, Levy, a B & L partner, had begun to promote the slogan "Come on Strong" in connection with clothing and an assortment of other unrelated products. As of the end of 1967 it appears that a minimal amount, if anything, was spent either by B & L, its licensees, or its individual partners on advertising "Come On Strong" and the volume of goods sold, in terms of gross sales, bearing the "Come On Strong" trademark did not greatly exceed $10,-000 from 1961 through 1965. Resales of clothing by plaintiff's licensees carrying the "Come On Strong" label were apparently limited to several small cities in the Northeastern states. According to plaintiff, the mark "Come On Strong" has been publicized mainly, if not entirely, by word-of-mouth advertising which has "made the mark 'Come On Strong' well known as a trademark of plaintiff among a limited number of people influential in the clothing trade."

Daroff, a subsidiary of Botany Industries, is a well known manufacturer of men's clothing and the owner of the trademark "Botany 500". About November 1, 1965 Botany Industries mailed to its stockholders the Annual Report for the year ended July 1, 1965, which contained an example of an advertisement for suits and sport coats manufactured by Daroff. In the upper left corner appears the slogan "Come On Strong" in large block-type letters. Directly below the slogan in somewhat smaller, yet readily visible block-type print appears the phrase "With 'Botany' 500." Thus, taken as a whole the caption reads "Come On Strong with 'Botany 500'". At the bottom of the advertisement, in a prominent position, appears the trademark "Botany 500" followed by the words "tailored by Daroff". This was more than two months before plaintiff registered its trademark.

Shortly after the annual report was distributed, posters and store displays were mailed to retail stores throughout the country. In 1966, advertisements substantially similar to that included in the 1965 Annual Report, and described above, appeared in various national magazines. Plaintiff claims that these advertisements infringe its trademark "Come On Strong" and have caused plaintiff severe financial loss. Plaintiff demands compensatory damages in the sum of $250,000 and treble damages.

The test of trademark infringement is whether the defendant's mark is so similar to plaintiff's that it is "likely to cause confusion, or to cause mistake, or to deceive" as to the source or origin of defendant's goods. 15 U.S.C. § 1114. See Miss Universe, Inc. v. Alfred Patricelli, 408 F.2d 506 (2d Cir. 1969); Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538 (2d Cir. 1956); Jean Patou, Inc. v. Jacqueline Cochran, Inc., 201 F.Supp. 861 (S.D.N.Y.1962). Federal law does not bestow property rights upon the owner of a trademark in the sense in which a patent or copyright holder is given protection. The holder of a registered trademark can succeed in an infringement suit only by showing a likelihood of confusion. Among the factors which are considered in determining the likelihood of confusion are: "the degree of similarity between the marks in appearance and suggestion; the similarity of the products for which the mark is used; the area and manner of concurrent use; the degree of care likely to be exercised by consumers; the strength of the complainant's mark; actual confusion; and an intent on the part of the alleged infringer to palm off his products as those of another." Miss Universe, Inc. v. Alfred Patricelli, 408 F.2d 506 (2d Cir. 1969). See Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538, 543 (2d Cir. 1956).

Weighing all of these factors it is plain that there is no likelihood that those viewing defendant's advertisements would think that plaintiff is the manufacturer of the clothes depicted in the advertisement. There being no likelihood of confusion, plaintiff cannot succeed in this action.

While defendant has used the slogan "Come On Strong", it has clearly identified the source of the advertised suits by including its trademark "Botany 500". No attempt is made to play down the prominence of "Botany 500" or the fact that Daroff is the manufacturer. In view of the fact that "Botany 500" is among the better known trademarks in men's suits, it is unlikely that consumers will think that B & L has manufactured defendant's suits simply because the slogan "Come On Strong", which also happens to be a trademark registered by plaintiff, is included in defendant's advertisement. Moreover, plaintiff admits that its trademark has become known through word-of-mouth advertising only to a limited number of people influential in the clothing field. It is most unlikely that people having a thorough knowledge of the clothing industry, and particularly men's suits, would be misled by defendant's advertisement. It is evident that at least this sophisticated group, whom plaintiff apparently contends is the only group that now associates "Come On Strong" with B & L, could not possibly, in light of the prominence given to the "Botany 500" trademark, be deceived or even confused.

Plaintiff urges that the trademark "Come On Strong" is fanciful and not descriptive and therefore that it acquired a valid trademark even in the absence of establishing secondary meaning. Without passing on the merits of this position, it is apparent from all the circumstances that defendant at least has used the slogan "Come On Strong" descriptively in order to describe the effect that "Botany 500" suits will have on the user. 15 U.S.C. § 1115(b) (4).[1] See Kiki Undies Corp. v. Alexander's Dept. Stores, Inc., 390 F.2d 604 (2d Cir. 1968). Without trying to determine the precise meaning of the phrase "Come On

---

1. This section provides the following defense to an infringement action:

"That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a trade or service mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party or their geographical origin."

Strong", there is ample evidence in the record, which is conceded by plaintiff, indicating the phrase is a widely known slang expression having an aggressive connotation, and has been used on numerous occasions in this sense by various advertisers. The papers plainly indicate that the prhase was used by defendant in this descriptive sense rather than as a source of origin and undoubtedly would be so understood by the consuming public. Thus, even if the "Botany 500" trademark were not so well known, the context in which "Come On Strong" is used by defendant obviates any possibility of confusion. Moreover, even if plaintiff has not used "Come On Strong" descriptively, that phrase is clearly capable of being used descriptively. Plaintiff may not appropriate to itself common English slang terms and thus prevent others from using such phrases in their descriptive sense. 15 U.S.C. § 1115(b)(4). See Kiki Undies Corp. v. Alexander's Dept. Stores, Inc., supra; Field Enterprises Educational Corp. v. Grosset & Dunlap, Inc., 256 F.Supp. 382 (S.D.N.Y.1966).

 The conclusion that there is no likelihood of confusion makes it unnecessary to pass upon defendant's primary contention that plaintiff's trademark is descriptive and thus invalid in the absence of secondary meaning and that in view of the limited funds expended on advertising and the limited volume of sales, secondary meaning as a matter of law cannot be established. Moreover, in the absence of a showing of likelihood of confusion, plaintiff is similarly precluded from proceeding on the theories of unfair competition and trademark dilution. See Maternally Yours, Inc. v. Your Maternity Shop, Inc., supra, 234 F.2d at 544; Jean Patou, Inc. v. Jacqueline Cochran, Inc., supra, 201 F.Supp. at 865–867; Field Enterprises Educational Corp. v. Grosset & Dunlap, Inc., supra, 256 F.Supp. at 390–391.

Defendant's motion for summary judgment is granted. Judgment for defendant will be entered accordingly.

It is so ordered.