**B & L SALES ASSOCIATES, Appellant,**

v.

**H. DAROFF & SONS, INC., Appellee.**

**No. 192, Docket 33769.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 30, 1969.

Decided Feb. 5, 1970.

David Wolf, Boston, Mass. (Wolf, Greenfield, Hieken & Sacks, Boston, Mass., and Howard Dorris, Flushing, N. Y., on the brief), for appellant.

Alan H. Bernstein, Philadelphia, Pa. (Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa., Manny D. Pokotilow, Philadelphia, Pa., and Weil, Gotshal & Manges, New York City, Michael K. Stanton and Eric R. Roper, New York City, on the brief), for appellee.

Before MEDINA, MOORE and FEINBERG, Circuit Judges.

MOORE, Circuit Judge:

Plaintiff-appellant B & L Sales Associates (B & L) filed a complaint against H. Daroff & Sons, Inc. (Daroff) alleging trademark infringement, unfair competition and dilution of trademark. B & L duly filed a demand for jury trial. Daroff answered with a general denial, filed a counterclaim seeking cancellation of the trademark in dispute, and moved to strike the demand for jury trial. The latter motion was granted by Judge Tyler on September 17, 1968. Thereafter, Daroff filed a motion for summary judgment. The motion was heard upon all the pleadings and upon affidavits supporting and opposing the motion. Following oral argument, Judge Bryan granted the motion and entered judgment for defendant. 298 F. Supp. 908 (S.D.N.Y.1969).

The controversy stems from Daroff's (manufacturers of Botany 500 clothes) use of the phrase "Come on Strong" in its Botany 500 advertising and promo-

tion beginning with the year 1966. B & L had registered its trademark "Come on Strong" for work clothing and leisure wear on January 18, 1966, and the trademark was later registered for a variety of products ranging from all-purpose cleaners to bedroom and living room sets. Plaintiff alleged use and extensive word-of-mouth promotion of the slogan beginning in 1961. Subsequent to the 1966 registration of its mark for work and leisure clothing, B & L entered into licensing agreements with several small manufacturing concerns permitting use of the trademark "Come on Strong" for a variety of products, in addition to using the mark for its own goods. One of B & L's licensees was The Foster Company, a competitor of Daroff in Philadelphia. Following the appearance of Daroff's promotional material bearing the slogan "Come on Strong," Foster discontinued its use of the phrase authorized by the licensing agreement. Thus plaintiff alleges, in addition to confusion with B & L's own products, a diminution of the value of the registered trademark by virtue of the confusion Daroff's use of the phrase has created among plaintiff's licensees.

The district court declined to rule on the validity of the trademark registration, addressing itself instead to the scope of protection afforded by federal trademark law, and the factual question of the alleged infringement. The court determined on the pleadings and affidavits that no showing of infringement had been made, and awarded summary judgment to Daroff. We affirm that disposition.

Exhibits showing the graphic material used in the Botany 500 promotion demonstrate that the phrase appeared in store displays, posters and advertisements in various national magazines as follows: a male model, dressed presumably in one of defendant's suits, is posed in a commanding position near a private airplane, a sports car or some such symbol of elegant masculinity. He is generally shown to be the object of an adoring gaze lavished upon him by a corre-

spondingly elegant and appealing female model. The rapture in her gaze bespeaks appreciation for the gentleman's tailor. The phrase "COME ON STRONG" appears in the upper left hand corner printed in large block letters. Directly below this phrase, in somewhat smaller, yet readily visible, block-type print appears the phrase "With Botany 500." Thus the copy reads "COME ON STRONG with Botany 500." "Botany 500" also appears in a prominent position at the bottom of the advertisement followed by the words "tailored by Daroff." In at least one of the advertisements, "Come on Strong" stands alone in the upper portion of the display, but "Botany 500" and "tailored by Daroff" appear prominently below the picture.

■ Judging from the appearance of the advertisements and from defendant's conceded reputation as a well-known manufacturer of men's suits, it is inconceivable that these materials were intended to attribute the source of the goods to anyone other than defendant Daroff. It is quite obvious that the phrase "Come on Strong" was intended only to describe the manner in which Botany 500 clothing would assist the purchaser in projecting a commanding, confident, "strong" image to his friends and admirers, and no intent to use the phrase in a trademark sense can be inferred from these promotional materials. Moreover, the statement by affidavit of Daroff's vice president that defendant has never directly applied the phrase to its products by tag, label or otherwise is unchallenged.

■ The district court correctly observed that the federal remedy against trademark infringement is not plenary, and is only available when the plaintiff can show a likelihood of confusion, mistake or deception arising in the market as a result of defendant's use of the mark registered to plaintiff. 15 U.S.C. § 1114(1) (a); see Miss Universe, Inc. v. Patricelli, 408 F.2d 506 (2d Cir. 1969); Maternally Yours, Inc. v. Your Maternity Shop, Inc., 234 F.2d 538 (2d

Cir.1956). Thus, in order to succeed in this action, plaintiff was required to prove that a likelihood existed of confusion in the marketplace regarding the source of the goods marketed by defendant resulting from its advertising use of the phrase "Come on Strong," a phrase registered to plaintiff as a trademark for work clothes and leisure wear.

To survive a motion for summary judgment, plaintiff's offer of proof must create a "genuine issue as to [a] material fact." Rule 56(c), F.R.Civ.P. The only material fact in plaintiff's case was whether or not the "likelihood of confusion" described above existed. We have held that a number of factors must be considered in determining the existence of a likelihood of confusion, among which are: "the degree of similarity between the marks in appearance and suggestion; the similarity of the products for which the mark is used; the area and manner of concurrent use; the degree of care likely to be exercised by consumers; the strength of the complainant's mark; actual confusion; and an intent on the part of the alleged infringer to palm off his products as those of another." Miss Universe, Inc. v. Patricelli, 408 F.2d 506, 508 (2d Cir.1969). Appellant urges upon us our suggestion in Kiki Undies Corp. v. Promenade Hosiery Mills, Inc., 411 F.2d 1097, 1099 (2d Cir.1969), that such factors are variable and relative and no single one is determinative, and that the trial court must consider them all in the balance before he determines the ultimate question upon which they bear. Judge Bryan explicitly observed this weighing and balancing technique. It may be that some of the factors listed above were disputed in the pleadings and affidavits, but the trial court correctly concluded that those factors were not sufficient to overcome the obvious inference from the exhibits themselves that no consumer or professional buyer of men's suits could possibly mistake the source of the advertised goods by believing that they were manufactured by plaintiff. That fact alone, weighed against all of plaintiff's allegations, affidavits and arguments eliminated even the possibility of confusion and entitled Daroff to summary judgment.

Moreover, the pleadings and exhibits conclusively establish, despite appellant's arguments to the contrary, that Daroff's use in advertising of the phrase "Come on Strong" constituted "a use, otherwise than as a trade or service mark * * * of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services" of the defendant, within the meaning of the statutory defense to an infringement action provided in 15 U.S.C. § 1115(b). "Come on Strong" and variations of that phrase, as the various exhibits amply demonstrate, is a common slang term, the general use of which plaintiff cannot prevent by registering it in connection with certain goods. See Kiki Undies Corp. v. Alexander's Department Stores, Inc., 390 F. 2d 604 (2d Cir.1967). Plaintiff offered no proof that Daroff used "Come on Strong" as a trademark or as anything other than a slang term describing a presumably desirable effect. Daroff is therefore entitled to summary judgment as well on its statutory defense. Kiki Undies Corp. v. Alexander's Department Stores, Inc., *supra*.

Having concluded that Daroff's use of the disputed phrase presents no likelihood of confusion, that the pleadings and record below further establish a defense to the actions brought by B & L and that the district court's grant of summary judgment was therefore proper, we need not consider plaintiff's contentions with regard to the motion for jury trial. Since B & L was not entitled to a trial at all on the pleadings, denial of its motion for trial by jury is moot.

Judgment affirmed; appeal from Judge Tyler's order dismissed.