**VENETIANAIRE CORP. OF AMERICA,**
Plaintiff-Appellee,

v.

**A & P IMPORT CO., Defendant-**
Appellant.

**No. 703, Docket 34283.**

United States Court of Appeals,
Second Circuit.

Argued April 21, 1970.

Decided July 14, 1970.

◆

Harold Einhorn, Brooklyn, N. Y., for defendant-appellant.

Harold Sacks, New York City (Temko & Temko, New York City, with him on the brief), for plaintiff-appellee.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

MOORE, Circuit Judge.

Venetianaire Corporation of American (Venetianaire), the plaintiff in the court below, is a New York corporation which imports plastic mattress covers from Taiwan and distributes them for sale in retail stores in the United States. The mattress covers are distributed in individual packages upon which are printed the word "Hygient" displayed in a white cross on a green oval. In 1966, Venetianaire secured on the principal register in the United States Patent Office registration of the word "Hygient," to be used as a trademark in connection with distribution of plastic mattress covers.

In 1967 Venetianaire became aware that defendant A & P Import Co. was distributing substantially identical mattress covers through the same retail outlets in trade dress nearly identical to the Venetianaire package, and that defendant's package carried the word "Hygienic" in the cross and oval design with exactly the same placement on the package as the Venetianaire trademark. Defendant admits Venetianaire's prior use and registration of the mark, and indeed confesses to having examined plaintiff's package before designing his own. A glance at the face of the two package designs, as reproduced in the record, elimi-

nates any doubt that defendant simply copied plaintiff's package, trademark and all, except that the "t" in plaintiff's mark was converted to "ic" producing the trademark "Hygienic" on defendant's package, and the green coloring was changed to red.

Venetianaire instituted an action in the district court alleging infringement of its registered trademark and unfair competition in the copying of its trade dress. On motion for summary judgment, the district court granted summary judgment on the trademark infringement claim, but ordered a trial on the issue of unfair competition and for determination of damages arising from the infringement. We affirm the granting of summary judgment on the trademark infringement claim. The disposition of the unfair competition claim is not before us and we express no opinion as to the propriety of the denial of summary judgment on that count.

The issues in this case boil down to these two: Is plaintiff's mark "Hygient" a valid trademark? If so, does defendant's use of the highly similar but descriptive term "Hygienic" infringe plaintiff's mark?

■■■■ We are not asked to cancel plaintiff's registration of the mark "Hygient" for mattress covers, and indeed defendant does not seriously dispute the decision of the Patent Office to so register the mark. The district court independently concluded that "Hygient," although very similar to a descriptive word in the public domain, was arbitrary and fanciful when used to designate a mattress cover—the limited purpose for which the mark was registered.[1] We adopt the conclusion of the district court that plaintiff has a valid trademark in the term "Hygient" when used in connection with the distribution of mattress covers.

---

1. The district court took note of, but did not rely upon, the strong presumption of validity created by acceptance for registration of a mark by the Patent Office. E. g., Aluminum Fabricating Co. of Pittsburgh v. Season-All Window Corp., 259 F.2d 314, 316 (2d Cir. 1958) ; Pastificio Spiga S.P.A. v. De Martini Macaroni, 200 F.2d 325 (2d Cir. 1952).

The second, and more difficult, question is hotly disputed. Even assuming valid registration of the mark, defendant contends that the registrant cannot complain of infringement where the alleged infringer makes use of a purely descriptive word from which the registered mark is derived. The argument calls into question the scope of protection to which a registered mark is entitled.

Section 32 of the Lanham Act, 15 U.S.C. § 1114, forbids any person, without the consent of the registrant, to "use in commerce any * * * colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; * * *." 15 U.S.C. § 1114(1) (a). Thus the critical question in an action for infringement under the Lanham Act is the likelihood of confusion resulting from defendant's use of a mark allegedly imitative of plaintiff's registered mark.

A likelihood of confusion with the registered mark "Hygient" arising from defendant's use of "Hygienic" is obvious from the face of the competitors' packaging. As the district court observed, "Hygienic" and "Hygient" are nearly identical visually, not only because of the similarity in spelling and identity of the typeface used to print the words, but also because "Hygienic" is found on defendant's packaging "in the same exact configuration and location as that in which the goods identified by 'HYGIENT' are sold, and the two products are sold in the same size wrapper, side-by-side, in retail stores." 302 F.Supp. at 158. It is plain that, in the language of the statute, "such use is likely to cause confusion, or to cause mistake, or to deceive."

A & P Import defends its confusingly similar use of the mark "Hygienic" on the ground that the word "hygienic" is a descriptive word in common usage, entitled to free use by all. The bare word "hygienic" is doubtless a descriptive word, but the common law of trademark as well as the federal statute under which jurisdiction is here invoked requires that the notion of "free use" be governed by considerations of commercial fairness. "The law of trademarks is one corner of the law of unfair competition; considerations arising out of the competitive relationship, therefore, should prevail over any claimed public right." 3 Callmann, Unfair Competition, Trademarks and Monopolies, § 85(1) (b) (3d ed. 1969). The fairness argument cuts both ways, of course, and the Lanham Act provides that mere registration of a trademark "shall not preclude an opposing party from proving any legal or equitable defense or defect which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a).

One such defense, available under the Lanham Act even where a registered mark has become technically incontestable under the provisions of the Act, is a demonstration by the defendant that his

> "use of the name, term, or device charged to be an infringement is a use, otherwise than as a trade or service mark, * * * of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party, or their geographic origin." 15 U.S.C. § 1115(b) (4).

The "fair use" defense explicitly described in that section approximates a statutory restatement of the corresponding common law defense (available to defendant here by virtue of the provisions of § 1115(a)), and federal courts frequently refer to the language of that section when the defense of fair use is raised in actions for infringement pursuant to the Lanham Act. E. g., Feathercombs, Inc. v. Solo Products Corp., 306 F.2d 251, 256 (2d Cir. 1962); Q-Tips, Inc. v. Johnson & Johnson, 206 F.2d 144, 148 (3d Cir. 1953); 3 Callmann, supra, § 85.1. That language aptly describes and marks the boundaries of the contention defendant may properly assert here.

■ We note that plaintiff's mark "Hygient," although arbitrary and fanciful when used to designate a mattress cover, is nevertheless very similar to a word in common usage which may be used truthfully to describe a desirable characteristic of many products, including mattress covers. For this reason, although the mark is properly registered for its limited purpose, the protection afforded the mark by law is relatively narrow. The plaintiff could not, simply by registering "Hygient," prevent the rest of the world from using "hygienic" to make the public aware of that characteristic of their goods. See B & L Sales Associates v. H. Daroff & Sons, Inc., 421 F.2d 352 (2d Cir. 1970); Kiki Undies Corp. v. Alexander's Department Stores, Inc., 390 F.2d 604 (2d Cir. 1967). Where there is no likelihood of product confusion, plaintiff cannot prohibit use by another of the term "hygienic" either in advertising or as a mark. Nor could it prevent even direct competitors from using such a common term to appropriately denominate or fairly describe a characteristic of their goods. E. g., Hygienic Fleeced Underwear Co. v. Way, 137 F. 592, 595 (3d Cir. 1905); Wise v. Bristol-Myers Co., 107 F.Supp. 800 (S.D.N.Y.1952); see 3 Callmann, *supra*, § 71.1(d). Clearly plaintiff could not by indirection preempt for its own exclusive use a common word which is aptly descriptive of sanitary mattress covers.

However, the protection afforded trademarks by both the Lanham Act and the common law focuses on the *use* of words, not on their nature or meaning in the abstract. The Lanham Act prohibits the use in commerce of a colorable imitation of a registered mark where "such *use* is likely to cause confusion, etc." 15 U.S.C. § 1114(1) (a). Likewise the defense which A & P Import Co. asserts here can succeed only when the defendant's use of the term "is a use, otherwise than as a trade or service mark" and the term is "used fairly and in good faith only to describe" the goods sold. 15 U.S.C. § 1115(b) (4), 3 Callmann, *supra*, § 85.1. Conceding that its use of "Hygienic" in the manner shown by the proof here was likely to confuse its mattress covers with those of the plaintiff, defendant has not been able to establish that such use was nevertheless within the purview of the defense claimed. From the mimicking of plaintiff's typestyle and prominent display of the registered word "Hygient" on its own "Hygienic" package, it is plain that A & P Import did not use the word "otherwise than as a trade * * * mark * * * only to describe its goods"; on the contrary, a "trademark use" was both effected and intended.

■ Had the defendant chosen a different trademark and then used the word "hygienic" in a sentence, or perhaps as the words "Dust Tight * Waterproof * Allergy Free"[2] or "anti-bacteria" appeared on its package, there would be no question of trademark infringement, for there the word would appear to be "used fairly and in good faith only to describe to users" a characteristic of the goods. But here the defendant obviously used the term "as a symbol to attract public attention," Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495, 499 (2d Cir. 1962); 3 Callmann, *supra*, § 85.1(a). That use of "Hygienic" infringed the trademark owned by plaintiff, even though the word "hygienic" was capable of descriptive, and therefore noninfringing, use. Safeway Stores, Inc., *supra*; Feathercombs Inc. v. Solo Products Corp., 306 F.2d 251, 256–257 (2d Cir. 1962); see Q-Tips, Inc. v. Johnson & Johnson, 206 F.2d 144, 148 (3d Cir. 1953).

---

2. These words, which also were copied from plaintiff's wrapper, are for that reason a part of plaintiff's independent claim of unfair competition based solely on the simulation of trade dress. We note them here only to illustrate a possible use of the word "hygienic" which might have avoided infringing the trademark because intended as descriptive, not to sanction their use in imitation of plaintiff's packaging.

Moreover, although the district court found it unnecessary to "consider whether defendant's use was 'fair' and in 'good faith'" in determining an infringing usage, the record makes it plain that defendant, knowing of plaintiff's packaging, adopted a trademark and wrapper almost identical to plaintiff's. That fact eliminates any doubt that defendant was not entitled to claim fair use of a descriptive term as a defense to infringement of plaintiff's trademark. Plaintiff was therefore entitled to summary judgment for injunctive relief and damages arising out of the infringing use pursuant to the Lanham Act, 15 U.S.C. § 1114(1) (a), there being no issue of material fact appearing from the papers in support of the motion. Rule 56(c), F.R.Civ.P.

The order granting summary judgment in favor of plaintiff is affirmed. Costs to appellee.