**PURE FOOD PRODUCTS, INC.,**
**Plaintiff,**

v.

**AMERICAN BAKERIES COMPANY,**
**Defendant.**

**No. 72 C 2017.**

United States District Court,
N. D. Illinois, E. D.

March 12, 1973.

---

(E.D.Pa.1969), where failure to raise grounds on appeal was the result of ignorance of counsel and not deliberate strategy, the Court held the petitioner had not deliberately by-passed or waived these grounds for purposes of federal habeas corpus.

Edward M. Keating, Parker, Markey & Plyer, Chicago, Ill., for plaintiff.

Thomas F. McWilliams, Mann, Brown, McWilliams & Bradway, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises upon plaintiff's motion for a preliminary injunction. This opinion will constitute the Court's findings of fact and conclusions of law for the purposes of Fed.R.Civ.P. 52(a).

The amended complaint charges defendant with infringement of plaintiff's registered trademarks and unfair competition. In order to prevail on its motion for a preliminary injunction, plaintiff must show that: (1) it has a reasonable likelihood of success on the merits; (2) it will be irreparably injured unless the injunction issues; and (3)

the balance of hardships tips in its favor. Milsen v. Southland Corp., 454 F.2d 363, 367 (7th Cir. 1971).

Plaintiff has not requested a hearing, but has submitted affidavits and an example of its wrapper which bears the allegedly infringed marks. Defendant has submitted affidavits and examples of its allegedly infringing wrapper, as well as other wrappers.

Because plaintiff has chosen to discuss only the merits of its federal trademark claim, its unfair competition claim will not be considered here.

Reg.No.692,150 is for the use of the word " 'taliano" in black lower-case letters between horizontal parallelograms of red and green. Reg.No.885,972 is for the same word in the same style below a rectangular design bearing the words "The Bread With the Foreign Accent." Plaintiff became the exclusive licensee of these marks on January 4, 1972, and assignee thereof, on December 19, 1972. Plaintiff has established franchises for the production and sale of bread bearing the marks, and it supplies its franchisees with an ingredient known as " 'Taliano Bread Mix" and wrappers for packaging the product. Plaintiff also provides advertising for its franchisees.

Since the early part of 1971, defendant has sold "brown 'n serve" rolls in plastic bags bearing the word "ITALIANO" in green capital letters in a style different from plaintiff's mark. The word appears in four places, in the largest lettering, in various arrangements with the words "Brown 'n Serve KRUSTY Enriched Rolls" in red and in all but one place with "Barbara Ann" in white script on an oval, red field with a symbol for trademark registration.

■■ To prevail on the merits of its trademark claim, plaintiff will have to prove, *inter alia*, that its marks, through prior use, have come to identify its franchisees as the source of the marked product and that defendant's use of the bags complained of is likely to cause confusion as to the source of its own and the franchisees' products. Plaintiff's cer-

tificates of registration are prima facie evidence of ownership and use prior to the time defendant began using the bags complained of here. J. C. Hall Co. v. Hallmark Cards, Inc., 340 F.2d 960, 962, 52 CCPA 981 (1965).

Plaintiff has shown no evidence of actual confusion. Rather, it seeks to show a likelihood of confusion from a comparison of its wrapper and defendant's bag and from an affidavit that one bakery was deterred from taking a franchise by defendant's introduction of "ITALIANO" rolls into its local market.

■ The Court concludes that, upon this record, plaintiff has failed to show a reasonable probability of success in proving a likelihood of confusion. Although defendant's bags use the word "ITALIANO" prominently with the colors of the Italian flag, the similarity to plaintiff's wrappers ends there. The protection of the Lanham Act focuses on the *use* of words, not on their nature or *meaning in the abstract.* Venetianaire Corp. v. A&P Import Co., 429 F.2d 1079, 1082 (2d Cir. 1970). There has been no mimicking of plaintiff's typestyle or copying of the layout of its wrapper. Although an expression similar to that used in plaintiff's marks is displayed prominently, the impact of this use is diluted to an extent by the expression's placement with other words. The affidavit of the plant manager of the bakery which rejected a franchise based upon defendant's introduction of its rolls into its area merely points out the obvious similarity between plaintiff's and defendant's products and the words " 'taliano" and "ITALIANO". His statement that he felt there would be no advantage to his bakery's becoming a franchisee could just as easily be based upon his opinion of the competitive market as an implicit opinion of the likelihood of confusion.

■ Even if plaintiff succeeds in proving a likelihood of confusion, it faces what appears to be a difficult burden of proving that defendant did not use the word "ITALIANO" in a descriptive manner, rather than as a trademark. See

Venetianaire Corp. v. A&P Import Co., *supra*.

Because the Court has concluded that plaintiff has failed to show a reasonable probability of success on the merits, the further questions of irreparable harm and the balance of hardships need not be discussed.

For the reasons stated, plaintiff's motion for preliminary injunction is denied.

It is so ordered.