**LAURA SECORD CANDY SHOPS LIMITED, a corporation, and De Met's, Inc., a corporation, Plaintiffs,**

v.

**BARTON'S CANDY CORPORATION, a corporation, and Barton's Bonbonniere, Inc., a corporation, Defendants.**

No. 71 C 1661.

United States District Court, N. D. Illinois, E. D.

Sept. 20, 1973.

Robert M. Newbury, Chicago, Ill., for plaintiffs.

Pendleton, Neuman, Williams & Anderson, David Goldberg and Gregory B. Beggs, Chicago, Ill., Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter arises upon defendant's motion for summary judgment. For the reasons set forth below, the motion will be granted in part and denied in part.

The following facts are uncontroverted for the purposes of this motion. Plaintiffs have used the word TURTLES and representations of turtles in the sale of candy for many years and have registered them as trademarks with the United States Patent Office. Defendants recently began selling candy under the name CREEPEES. Defendants' product, but not plaintiffs', is formed in the shape of a turtle. This product is marketed in packages bearing photographic representations of the product and a claim that the candy is "TURTLE SHAPED."

The complaint alleges that defendants have violated plaintiffs' rights under the Lanham Act, 15 U.S.C. § 1051 et seq., the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, §§ 311–313, the Illinois Anti-Dilution Act, Ill.Rev. Stat. ch. 140, § 22, and the common law of unfair competition. Plaintiffs pray, *inter alia*, that defendants be enjoined from manufacturing and selling candy in the shape of a turtle, using labels depicting turtles, and claiming on their labels that their candy is turtle shaped.

Defendants contend that they are entitled, as a matter of law, regardless of likelihood of confusion as to source or dilution of distinctiveness, to manufacture and sell turtle shaped candy. From this premise, defendants then argue that they are entitled pictorially and verbally to describe the appearance of the candy.

Plaintiffs have not cited, and the Court's research has not disclosed, any reported decision in which a defendant has been enjoined from making and selling a product because its configuration

creates a likelihood that purchasers will be misled into believing that the plaintiff, who holds trademarks which describe that configuration, is the source of the product or has endorsed· it in some manner.

■ If this Court were to grant plaintiffs such relief, only they could produce and sell turtle shaped candy; this is so because, carried to its logical conclusion, their argument is that only then would the public not be confused as to its source and only then would their trademarks be protected from dilution. The policy behind the laws upon which plaintiffs rely do not demand such drastic relief. Likelihood of confusion and dilution can be remedied by requiring that packaging and labelling fairly warn purchasers of the true source of the product. Plaintiffs have not, and doubtless cannot, obtain a monopoly in turtle shaped candy under the patent and copyright laws, and this in itself provides reason for providing no such protection under the trademark and unfair competition laws. *Cf.* Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) ; Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964). The Court concludes that plaintiffs have failed to show their entitlement to an injunction against the shape of defendants' product even if its manufacture and sale create a likelihood of confusion and dilution.

■ The right to produce and sell a product does not, however, create a right to describe it in a manner which infringes another party's trademark. Defendants rely upon Life Savers Corp. v. Curtiss Candy Co., 87 F.Supp. 16 (N.D.Ill.1949), aff'd, 182 F.2d 4 (7th Cir. 1950), but the opinions of the trial and appellate courts in that case do not postulate such a right; rather, the holding was that on the facts in that case the defendant had done all that was necessary to avoid confusion. The proper statement of the rule regarding the "fair use" of descriptions which are similar to another's trademarks is embodied in 15 U.S.C. § 1115(b)(4). Henry Heide, Inc. v. George Ziegler Co., 354 F.2d 574, 577 (7th Cir. 1965). So long as the device claimed to be an infringement is used not as a trademark, but fairly and in good faith only to describe the product to purchasers, there is no infringement even if such use results in a likelihood of confusion. Venetiannaire Corp. v. A & P Import Co., 429 F.2d 1079, 1082 (2d Cir. 1970) ; B & L Sales Associates v. H. Daroff & Sons, Inc., 421 F.2d 352, 354 (2d Cir.), cert. denied, 398 U.S. 952, 90 S.Ct. 1873, 26 L.Ed.2d 292 (1970) ; Kiki Undies Corp. v. Alexander's Dep't Stores, Inc., 390 F.2d 604, 605–606 (2d Cir. 1968) ; Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495, 497 (2d Cir. 1962) ; Q-Tips, Inc. v. Johnson & Johnson, 206 F. 2d 144, 148 (3d Cir.), cert. denied, 346 U.S. 867, 74 S.Ct. 106, 98 L.Ed. 377 (1953) ; *cf.* Roux Laboratories, Inc. v. Clairol Incorporated, 427 F.2d 823, 829 (C.C.P.A.1970). As with the issue of likelihood of confusion, the question of whether a device has been used in good faith only to describe the product is one of fact. Pure Foods, Inc. v. Minute Maid Corp., 214 F.2d 792, 797 (5th Cir.), cert. denied, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 697 (1954).

■ Although a comparison of plaintiffs' and defendants' labels strongly indicates that defendants will succeed in proving their fair use defense and that plaintiffs will not, in any event, prevail on their claim of likelihood of confusion and dilution, the Court concludes, notwithstanding some of the above-cited Second Circuit decisions, that these issues cannot be resolved on a motion for summary judgment. Viewing the record thus far made and all inferences therefrom in the light most favorable to plaintiffs, defendants have failed to show the absence of any genuine issue as to the material facts of fair use and likelihood of confusion and dilution.

Accordingly, defendants' motion for summary judgment is granted against plaintiffs' claim for relief based upon the manufacture and sale of turtle shaped candy and denied as to the other claims of the complaint.

It is so ordered.

## ON MOTION TO AMEND OPINION

■ This matter arises on plaintiff's motion to have this Court amend its opinion and order of July 31, 1973 to certify the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The motion is granted and the said order of July 31, 1973 is hereby amended to incorporate the following paragraphs:

28 U.S.C. § 1292(b) provides:

"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."

In granting partial summary judgment for the defendants, this Court has held that plaintiffs, which have used the word TURTLES and representations of turtles in the sale of candy for many years and have registered them as trademarks with the United States Patent Office, cannot, by reason of the foregoing facts, enjoin defendants from manufacturing and selling turtle-shaped candy.

This appears to be a case of first impression on this issue. The question presented is a controlling one on which there is substantial ground for difference of opinion. Furthermore, it appears that an immediate appeal may materially advance the ultimate termination of the litigation. A trial may not be necessary if defendant prevails upon appeal or alternatively the prospect of two trials would be greatly reduced.

It is so ordered.