**LEATHERSMITH OF LONDON, LTD., A New York Corporation, Plaintiff, Appellant,**

v.

**Philip J.S. ALLEYN, etc., Defendant, Appellee.**

No. 82–1212.

United States Court of Appeals, First Circuit.

Argued Sept. 14, 1982.

Decided Dec. 14, 1982.

Certiorari Denied Feb. 22, 1983. See 103 S.Ct. 1202.

Cameron K. Wehringer, New York City, with whom William M. Braucher, Boston, Mass., was on brief, for plaintiff, appellant.

Jeffrey F. Jones, Boston, Mass., with whom Palmer & Dodge, Boston, Mass., was on brief, for defendant, appellee.

Before DAVIS *, CAMPBELL and BOWNES, Circuit Judges.

DAVIS, Circuit Judge.

Plaintiff-appellant Leathersmith of London, Ltd., is the licensee and subsidiary of a British corporation whose leather products it markets in this country (including Massachusetts) under the trademark "Leathersmith" which is registered under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Plaintiff brought suit under that Act, 15 U.S.C. §§ 1114, 1121, for infringement of the trademark by defendant Philip J.S. Alleyn who had been doing business in Cambridge, Massachusetts as "TANTALUS Custom Leathersmiths & Bookbinders." On cross-motions for summary judgment, the District Court gave judgment for defendant-appellee, holding that "leathersmith" is a generic term for a leather craftsman and therefore not properly registrable as a trademark. We affirm, on somewhat narrower grounds also urged by appellee.

Alleyn is a skilled leather craftsman and book binder. From 1975 until very recently he operated a small shop in Cambridge under the name given above; from 1971 to 1975 he operated out of his home in Boston under the name "TANTALUS Custom Leathersmiths." He has earned approximately $8,000 per year from his business. He has taught his craft, and done custom business only—his products are made to order. He sells only his own products and has worked only at his shop (or, previously, at his home). He does no newspaper advertising (or any significant advertising) or general mailing. On some items he makes he has used "TANTALUS" alone. He does not

* Of the Federal Circuit, sitting by designation.

use "Leathersmith" or "Leathersmiths" alone but always as part of the full name of his business, "TANTALUS Custom Leathersmiths and Bookbinders." Until this dispute arose in 1979, he did not know of plaintiff's trademark or business.

We need not decide whether "Leathersmith" is wholly nonregistrable because generic; plaintiff cannot prevail against this defendant even if that term were considered a good and enforceable trademark in other circumstances. The grounds of our more limited holding are, first, that there has been no showing of a likelihood of confusion in this instance, and, second, that defendant's use of "Leathersmiths" in the name of his business is a "fair use" exempted by the Lanham Act from liability.[1]

## I

■ The Lanham Act, under which this suit lies, gives a remedy for infringement of a registered mark only if the allegedly infringing use "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). This element of confusion, mistake or deception is a prerequisite, in this circuit and elsewhere, for relief under that provision. *Purolator, Inc. v. EFRA Distributors, Inc.,* 687 F.2d 554, 559 (1st Cir.1982); *Pignons S.A. v. Polaroid Corp.,* 657 F.2d 482, 486–87 (1st Cir.1981); *DeCosta v. Columbia Broadcasting System, Inc.,* 520 F.2d 499, 513 (1st Cir.1975); *Baker v. Simmons Co.,* 307 F.2d 458, 461 (1st Cir. 1962); *Esquire, Inc. v. Esquire Slippers Manufacturing Co.,* 243 F.2d 540, 542 (1st Cir.1957); *Venetianaire Corp. of America v. A & P Import Co.,* 429 F.2d 1079, 1081 (2d Cir.1970); *B & L Sales Associates v. H. Daroff & Sons,* 421 F.2d 352, 353–54 (2d Cir.1970); *Amstar Corp. v. Domino's Pizza, Inc.,* 615 F.2d 252, 258–59, 265 (5th Cir. 1980). The plaintiff has the burden of showing this component—which is not a

defense but an essential element of the claim of infringement. *See President and Trustees of Colby College v. Colby College—New Hampshire,* 508 F.2d 804, 810 (1st Cir.1975). We hold that Leathersmith of London has plainly not made that proof.

■ There is, first of all, no confusion as to the separate and unrelated character of the businesses of the two parties. The District Court so held, and plaintiff does not claim otherwise. Plaintiff is a large, international concern, with wide marketing, while defendant is small, local to the Boston area, and deals only in his own custom work. The word "Leathersmith" does not appear on defendant's products, nor is it used in connection with those products except as it appears in defendant's name, "TANTALUS Custom Leathersmiths and Bookbinders." In that name, "Leathersmiths" is obviously employed to describe one of defendant's crafts—worker in leather—parallel to the other term in the name "Bookbinders". (The District Court so found, wholly correctly.) There is no likelihood that purchasers or shippers would consider the two businesses connected in any way.

Nor is there likelihood of confusion or mistake as to the source or origin of Alleyn's goods.[2] As we have said, "Leathersmith" did not appear on, or in connection with, defendant's goods (except with respect to the name of the business); Alleyn's goods, while made of leather, were all custom-made for the particular customer who would know that they came from defendant, not plaintiff or some other source; plaintiff's leather goods, on the other hand, were pre-fabricated and sold at retail by a company called "Leathersmith of London"; Alleyn's only use of "Leathersmith", in the name of his business, shows clearly that that word refers to the craft, not to the

---

1. We leave open the question whether "Leathersmith" is too generic to be registered. We note, too, that the District Court did not consider plaintiff's claim that this should be a class action; nor need we do so in the light of our holding.

2. There was obviously no deception since defendant innocently adopted his business name, without knowledge of plaintiff's trade name or trademark. In addition, it is relevant that plaintiff made no showing whatever of actual confusion. *See AMP, Inc. v. Foy,* 540 F.2d 1181, 1185–86 (4th Cir.1976).

source or origin of the products, and that business name ("TANTALUS Custom Leathersmiths and Bookbinders") is quite different from either "Leathersmith" alone or plaintiff's name, "Leathersmith of London." Moreover, there is no overlap between the marketing channels used by plaintiff and those of defendant. Alleyn sells his own custom-made products through his shop and does not sell the products of any other person (including plaintiff and plaintiff's parent). This absence of convergent marketing channels or of competition serves to decrease the likelihood of confusion. *Cf. AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 353 (9th Cir.1979); *Fairway Foods v. Fairway Markets,* 227 F.2d 193 (9th Cir.1955); *Griesedieck Western Brewing. Co. v. Peoples Brewing Co.,* 149 F.2d 1019, 1022–23 (8th Cir.1945).

■ Plaintiff's only response is that, since its mark is valid and incontestable, defendant's use of the very words "Leathersmith" or "Leathersmiths" is enough to show likelihood of confusion or mistake. That might be true where the goods are identical and are marketed in the same channels of trade (*see American Home Products v. Johnson Chemical Co.,* 589 F.2d 103, 106–07 (2d Cir.1978)), but the rule is quite inappropriate here where the circumstances differ so markedly: the goods are not identical and there are no converging market channels; "Leathersmiths" is used only in defendant's business name and indisputably refers to Alleyn's craft, not to the goods; even then, "Leathersmiths" appears only as one part of that business name which as a whole is unmistakably different from the trademark or from "Leathersmith of London."

In sum, the record permits no conclusion other than that there is no likelihood of confusion, mistake, or deception.

## II

■ Alternatively, plaintiff falls afoul of the so-called "fair use" defense given by the Lanham Act. That statute provides (15 U.S.C. § 1115(b)(4)) that, in the case of a registered mark that has become incontestable,[3] registration "shall be conclusive evidence of the registrant's right to use the registered mark * * * except when one of the following defenses or defects is established:

* * * * * *

(4) That the use of the name, terms, or device charged to be an infringement is a use, *otherwise than as a trade or service mark,* of the party's individual name in his own business, or of the individual name of anyone in privity with such party, *or of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services* of such party, or to their geographic origin; * * *." (Emphasis added).

This case fits within the emphasized words of this statutory defense. Alleyn did not adopt "Leathersmith" (or "Leathersmiths") as a trade or service mark, but rather, as the court below specifically found, "as a generic description of his craft." The finding as to intent is supported by defendant's affidavit, not contravened by anything else, and is binding. "Leathersmith" can easily be such a description of the craft of working with leather; it is a combination of the ordinary words "leather" and "smith",[4] comparable

---

3. We assume, though there is some dispute on the point, that plaintiff's mark has become incontestable under 15 U.S.C. § 1065.

4. Webster's Third New International Dictionary defines "smith" as including "one who constructs, builds, or produces something; maker—often used in combination (skismith) (tunesmith)."

 Plaintiff has claimed that the word was originally derived by plaintiff's English parent (T.J. & J. Smith, Ltd.) through a combination of its

trade (leather) with that company's name (Smith), but the District Court correctly noted that courts must look, not to the owner's subjective intent, but to the natural interpretation the public would give to the word. "We are dealing here with the common use of language." *Application of Automatic Radio Mfg. Co.,* 404 F.2d 1391, 1395 (Cust & Pat.App. 1969).

to "tunesmith", "jokesmith", "songsmith", and "wordsmith" (which appear in Webster's Third New International Dictionary of the English Language (1968)). Defendant's innocent good faith without any knowledge of plaintiff's trademark or business, was also found below, and is not now contested. Similarly, there is no evidence of any intent to deceive customers or to appropriate plaintiff's good will.

It follows that Alleyn has decisively proved that he has fairly and in good faith used "Leathersmith", not as a trade or service mark, but only as descriptive, to describe to users the type of goods he provides. This usage is wholly within the terms and meaning of 15 U.S.C. § 1115(b)(4), *supra.* He has therefore a full defense for his employment of "Leathersmith". *Cf. M.B.H. Enterprises, Inc. v. WOKY, Inc.,* 633 F.2d 50 (7th Cir.1980); *Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 12–13 (2d Cir.1976).

For these reasons, the decision below is *Affirmed.*