**BOA (UK) LIMITED, Plaintiff,**

v.

**TV PRODUCTS (USA) INC., Defendant.**

No. 02 Civ.9456(VM).

United States District Court, S.D. New York.

Sept. 25, 2003.

**380**

Maxim H. Waldbaum, Lora A. Moffatt, Emily M. Spectre, Salans, Hertzfeld, Christy & Viener, New York City, for plaintiff.

Carrie Webb Olson, Daniel F. Coughlin, Cummings and Lockwood, LLC, Carrie Webb Olson, Edwards & Angell, LLP, Stamford, CT, for defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff BOA (UK) Limited ("BOA"), which makes strap wrenches[1] under the "BOA CONSTRICTOR" trademark, sued TV Products (USA) Inc. ("TVP"), which makes strap wrenches under the "POWER GRIP" trademark. BOA alleges that the packaging for TVP's Power Grip strap wrench unlawfully bears BOA's "CONSTRICTOR" mark. TVP moved for a judgment on the pleadings. For the following reasons, the motion is denied.

### I. *Background*

BOA, a British company, began selling its strap wrenches in the United States in October 1994. Compl. ¶ 10. Its strap wrenches have been advertised in newspapers and on television, and BOA owns the federal trademark for "BOA CONSTRICTOR" in connection with hand held strap wrenches. Compl. ¶¶ 12, 13.

The packaging for TVP's Power Grip includes the word "constrictor" in three places. Compl. Ex C. First, as part of a photographic diagram of a person opening a jar of marmalade with the Power Grip, and under the heading "Step 1," it says, "slip the rubber *constrictor* over the lid you are about to open. Pull the end firmly until it is tightly grip [sic] around the lid." *Id.* (emphasis added). Second, the packag-

ing includes five bullet points in bold, yellow lettering, indicating the desirable features of the Power Grip, such as, "Strong rubber *constrictor.*" *Id.* (emphasis added). Third, the packaging insert contains instructions, which state, "Slip the rubber *constrictor* over the lid you are about to open." *Id.* (emphasis added).

BOA asserts claims against TVP for: (1) trademark infringement, 15 U.S.C. § 1114(1); (2) federal and (3) state unfair competition, 15 U.S.C. § 1125; N.Y. Gen. Bus. Law § 320; (4) deceptive acts and practices, N.Y. Gen. Bus. Law § 349; (5) unfair competition and under New York common law; and (6) unjust enrichment. BOA seeks damages and a permanent injunction against TVP.

### II. STANDARD FOR A RULE 12(c) MOTION

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988). Just as in a motion under Rule 12(b)(6), the Court "must assume the facts alleged by the plaintiff to be true and must liberally construe them in the light most favorable to the plaintiff." *AD/SAT, a Div. of Skylight, Inc. v. Associated Press,* 885 F.Supp. 511, 514 (S.D.N.Y.1995). "[T]he complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix,* 554 F.2d 551, 553 (2d Cir.1977) (quoting

---

1. According to the complaint, "strap wrench products are used to quickly loosen, or tighten, anything from medicine bottles and jam jars, to glue pots, garden hoses, oil filters and sink traps." Compl. at ¶ 9.

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. *DISCUSSION*

### A. *USE IN COMMERCE*

 TVP first argues that BOA does not have a trademark right to "BOA CONSTRICTOR" because BOA does not use the "BOA CONSTRICTOR" trademark in United States commerce. TVP states that Sears Roebuck Company ("Sears") is the only United States retail outlet for BOA's strap wrench and that Sears applies its own trademark, "CRAFTSMAN," to the strap wrench, instead of the "BOA CONSTRICTOR" mark.

TVP argues, without citation, that "In order for the Plaintiff to sustain any claim under its Complaint, it must first show that it uses the trademark" in United States commerce. *See* Def's Mem. of Law in Support of its Motion for Judgment on the Pleadings at 4–5. This argument is misleading. There is no formal element of BOA's causes of action requiring that BOA use its mark in United States commerce. *See, e.g.,* 15 U.S.C. §§ 1114(1), 1125. However, the federal statutory causes of action both impose liability where a defendant's use of a trademark is "likely to cause confusion." *Id.* Taking a charitable reading of defendant's argument, perhaps TVP meant to assert that there would be no likelihood of confusing a "CRAFTSMAN" strap wrench and a "BOA CONSTRICTOR" strap wrench. Even that charitable reading fails.

The factual premise for this argument – that all of BOA's United States wrenches bear the "CRAFTSMAN" mark and not the "BOA CONSTRICTOR" mark – is not contained in the pleadings, nor otherwise supported in the record. Although BOA's complaint nowhere explicitly states that its wrenches bear the "BOA CONSTRIC-TOR" mark in the United States, the complaint states that BOA entered the United States market in 1994, and that the packaging of TVP's Power Grip is likely to confuse customers because of the repeated and presumably calculated use of the word "constrictor," which is also associated with BOA's mark. Compl. ¶¶ 10, 23. At this stage in the litigation, with all inferences favoring BOA, the Court concludes that the allegations are sufficient. The Court notes additionally that BOA has submitted affidavits stating that BOA sells strap wrenches to United States vendors other than Sears, and that those wrenches bear the "BOA CONSTRICTOR" mark.

### B. *FAIR USE*

 TVP next argues that it is entitled to judgment on the basis of the "fair use" defense. *See* 15 U.S.C. § 1115(b)(4). Under the fair use doctrine, a defendant will not be liable if he can show that his use of the mark is not as a trademark but is merely "descriptive of and used fairly and in good faith only to describe the goods or services...." *Id.* TVP argues that its use of the word "constrictor" is only a means to describe the strap portion of the strap wrench – *i.e.,* the part that "constricts."

"[T]he question of whether a device has been used in good faith only to describe the product is one of fact." *Laura Secord Candy Shops Ltd. v. Barton's Candy Corp.,* 368 F.Supp. 851, 853 (N.D.Ill.1973) (citing *Pure Foods v. Minute Maid Corp.,* 214 F.2d 792, 797 (5th Cir.1954)); *see also Frederick Warne & Co., Inc. v. Book Sales Inc.,* 481 F.Supp. 1191, 1198 (S.D.N.Y. 1979). The parties dispute both whether the use is descriptive, and whether TVP has used the mark in good faith – both issues fundamentally grounded on fact-intensive inquiries. Accordingly, the Court

concludes that judgment on the pleadings is improper.

### C. MOOTNESS

█ In its reply brief, TVP asserts that the case is moot because TVP has ceased using the word "constrictor" in connection with its Power Grip strap wrench. The Court notes that there is nothing in the pleadings, or otherwise in the record, to support the assertion that TVP has actually changed its packaging. In any event, the change would not moot the case because BOA may still recover damages for the alleged past infringement.

### IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant TV Products (USA) Inc. for judgment on the pleadings is DENIED; and it is hereby

**ORDERED** that the parties appear at a conference with the Court on October 10, 2003 at 4:30 p.m. to discuss the posture of the case and scheduling of pretrial proceedings. To this end, the parties are directed to confer and prepare a draft Case Management Plan and Scheduling Order to present to the Court for review and approval at the conference indicated.

**SO ORDERED.**