**CAR–FRESHNER CORPORATION,
Plaintiff–Appellant Cross–
Appellee,**

v.

**S.C. JOHNSON & SON, INC., Defendant–
Appellee Cross–Appellant.**

Nos. 162, 651, Dockets 95–7478, 95–7538.

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1995.

Decided Nov. 22, 1995.

268

Roberta S. Bren, Arlington, Virginia (Arthur I. Neustadt, and Jonathan Hudis, Oblon, Spivak, McClelland, Maier & Neustadt, Arlington, Virginia, Of Counsel), for Plaintiff–Appellant–Cross–Appellee.

Robert M. Newbury, Chicago, Illinois (Mary E. Innis, Pattishall, McAuliff, Newbury Hilliard & Gerladson, Chicago, Illinois; David E. Peebles, Hancock & Estabrook, Syracuse, New York; Margaret M. Serrano, S.C. Johnson & Son, Inc., Racine, Wisconsin, of counsel), for Defendant–Appellee–Cross–Appellant.

Before: ALTIMARI, McLAUGHLIN and LEVAL, Circuit Judges.

LEVAL, Circuit Judge:

This action for trademark infringement involves the principle that the public's right to use language and imagery for descriptive purposes is not defeated by the claims of a trademark owner to exclusivity.

Plaintiff Car–Freshner Corporation sells air fresheners for cars in the shape of a pine tree. Over a number of years, Car–Freshner has sold millions of such pine-tree-shaped fresheners. Its air fresheners are made of flat scented cardboard and come in a variety of colors and odors, including a green pine-scented version. They have a string attached to the top of the tree, so that they can be hung from the rear-view mirror of an automobile. We assume that plaintiff has established trademark rights in the pine-tree shape of its product and in the name "Little Tree," which it uses on some of its products.

Defendant S.C. Johnson & Son, Inc., sells air fresheners under the trademark name "Glade." Johnson's "Glade" products include a line of air fresheners called "Plug–Ins," designed to be plugged into electrical outlets. Glade Plug–Ins have a plastic casing that holds a replaceable fragrance cartridge of scented gel. When the unit is plugged in, the electrical current warms the gel, causing release of the fragrance into the air. During the Christmas holiday season, Johnson sells a pine-tree-shaped, plug-in air freshener called "Holiday Pine Potpourri" under its Glade Plug–Ins trademark.

Car–Freshner brought this action against Johnson, claiming that Johnson's sale of its pine-tree-shaped plug-in freshener violates Car–Freshner's trademark rights in the pine-tree shape of its air fresheners and in its mark "Little Tree." Plaintiff claims: (1) trademark infringement under 15 U.S.C. § 1114(1); (2) false designation of origin, in violation of 15 U.S.C. § 1125(a); (3) common law trademark infringement and unfair competition; and (4) trademark dilution under N.Y.Gen.Bus.Law § 368–d. Johnson, in addition to denying that its use of a pine-tree shape creates a likelihood of confusion, asserted the affirmative defense known in trademark law as fair use.

Johnson moved for summary judgment, arguing that the dissimilarity between the two products and the fair use defense precluded a finding of infringement as a matter of law. The district court rejected Johnson's claim of fair use and granted summary judgment to Car–Freshner on that issue. The court ruled that the defense of fair use applies only when the plaintiff's mark is descriptive, and is not applicable here because the court found plaintiff's mark to be suggestive. The district court nonetheless granted summary judgment to Johnson on the ground that the plaintiff's and defendant's tree-shaped products were sufficiently dissimilar that there was no likelihood consumers would be confused as to the source of the two products. Accordingly, judgment was awarded to the defendant Johnson.

Car–Freshner appeals. Johnson cross-appeals, arguing that the district court erred in its fair use determination. We affirm the district court's grant of summary judgment in favor of Johnson, but on grounds of fair use.

It is a fundamental principle marking an outer boundary of the trademark monopoly that, although trademark rights may be acquired in a word or image with descriptive qualities, the acquisition of such rights will not prevent others from using the word or image in good faith in its descriptive sense, and not as a trademark. *See Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 12–13 (2d Cir.1976); *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.,* 64 F.3d 1055, 1058 (7th Cir.1995); *United States Shoe Corp. v. Brown Group, Inc.,* 740 F.Supp. 196, 198–99 (S.D.N.Y.1990); *Holzwarth v. Hulse,* 14 N.Y.S.2d 181, 181 (Sup.Ct.1939); *Johnson & Johnson v. Seabury & Johnson,* 67 A. 36, 38 (N.J.1907); Restatement (Third) of Unfair Competition § 28 (1995); 3A Louis Altman, *Callmann on Unfair Competition, Trademarks and Monopolies* § 21.24 (4th ed. 1983); Margreth Barrett, *Intellectual Property* 760–61 (1995). The principle is of great importance because it protects the right of society at large to use words or images in their primary descriptive sense, as against the claims of a trademark owner to exclusivity. *See U.S. Shoe,* 740 F.Supp. at 198–199. This common-law principle is codified in the Lanham Act, which provides that fair use is established where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... which is descriptive of and used fairly and in good faith only to describe the goods or services of ... [a] party, or their geographic origin." 15 U.S.C. § 1115(b)(4).

The district court rejected Johnson's claim of fair use because it believed such a defense could be mounted only against a mark classed as "descriptive" in the four-tiered hierarchy of trademark law—generic, descriptive, suggestive, and arbitrary or fanciful. *See Abercrombie,* 537 F.2d at 9–11 (describing the four levels of trademark classifications). Although there is authority for

that proposition, *see Institute for Scientific Info. v. Gordon and Breach, Science Publishers, Inc.,* 931 F.2d 1002, 1010 (3d Cir.), *cert. denied,* 502 U.S. 909, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991); *Cullman Ventures, Inc. v. Columbian Art Works, Inc.,* 717 F.Supp. 96, 133 (S.D.N.Y.1989); 3A *Callmann* § 21.24, at 212, we believe that notion is misguided.[1] It is true that the doctrine can apply only to marks consisting of terms or images with descriptive qualities. That is because only such terms or images are capable of being used by others in their primary descriptive sense. But it should make no difference whether the plaintiff's mark is to be classed on the descriptive tier of the trademark ladder (where protection is unavailable except on a showing of secondary meaning). What matters is whether the *defendant* is using the protected word or image descriptively, and not as a mark. *See Mattel, Inc. v. Azrak–Hamway Int'l, Inc.,* 724 F.2d 357, 361 (2d Cir.1983) (defense of fair use "allows a competitor to use another's registered trademark to describe aspects of one's own goods").

Whether the mark is classed as descriptive (and thus ineligible for protection without secondary meaning) depends on the relationship between the mark and the product described. Thus words like SWEET or CHEWY would be descriptive for a candy, but would be suggestive, or even arbitrary or fanciful, if used in connection with bed sheets, a computer, or an automobile. Regardless whether the protected mark is descriptive, suggestive, arbitrary, or fanciful as used in connection with the product or service covered by the mark, the public's right to use descriptive words or images in good faith in their ordinary descriptive sense must prevail over the exclusivity claims of the trademark owner. *See Dowbrands, L.P. v. Helene Curtis, Inc.,* 863 F.Supp. 963, 966–69

1. We do not agree with the district court in *Cullman,* 717 F.Supp. at 133, that this limitation was imposed by the Fifth Circuit in *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.,* 698 F.2d 786 (5th Cir.1983). It is true the *Zatarains* opinion asserts that "the holder of a protectable descriptive mark" is subject to the fair use defense, *id.* at 791, and that "the 'fair use' defense applies only to descriptive terms." *Id.* at 796. We read these passages to use the term "descriptive" in its primary sense and not as a reference to the second tier of the trademark ladder. If we are mistaken and the Fifth Circuit intended a rule that the fair use defense can be asserted only against marks on the second tier, we disagree. In our view, such a holding would be contrary to reason, the statutory language, and the bulk of persuasive authority.

(D.Minn.1994) (fair use defense is not limited to descriptive marks); Restatement (Third) of Unfair Competition § 28 cmt. a ("Trademark rights ... extend only to the source significance that has been acquired by such terms, not to their original descriptive meanings."). An auto manufacturer's use of the mark SWEET for its cars could not deprive anyone of the right to use that word in good faith in its ordinary descriptive sense and not as a trademark. Thus a candy manufacturer would remain free to advertise the sweetness of its candies without worry about the trademark owner's bridging the gap and going into the candy business. If any confusion results to the detriment of the markholder, that was a risk entailed in the selection of a mark with descriptive attributes.

Section 1115(b)(4) includes no prerequisite that the mark sought to be protected be on the descriptive tier. In *Abercrombie*, 537 F.2d at 12, we found fair use without needing to resolve whether the plaintiff's mark was descriptive or suggestive. Similarly, in *Venetianaire Corp. of America v. A & P Import Co.*, 429 F.2d 1079, 1082 (2d Cir.1970), we noted that the defendant could have asserted fair use had he used the plaintiff's fanciful mark in a descriptive manner, rather than as a trademark. And in *Holzwarth v. Hulse*, 14 N.Y.S.2d 181 (Sup.Ct.1939), the court permitted the defendant to use the plaintiff's mark, a red arrow, in a descriptive manner even though the plaintiff's mark was clearly not on the descriptive tier of the trademark hierarchy.

■ In short, fair use permits others to use a protected mark to describe aspects of their own goods, provided the use is in good faith and not as a mark. *See* 15 U.S.C. § 1115(b)(4). That is precisely the case here. Johnson's use of the pine-tree shape describes two aspects of its product. The pine tree refers to the pine scent of its air freshening agent. Furthermore, as a Christmas tree is traditionally a pine tree, the use of the pine-tree shape refers to the Christmas season, during which Johnson sells this item. Johnson's use of the pine-tree shape is clearly descriptive. There is no indication that Johnson uses its tree shape as a mark. Its pine-tree-shaped air fresheners come in boxes prominently bearing the "Glade Plug-Ins" trademark as well as Johnson's corporate logo. Each unit has "Glade" imprinted across the front of the product itself.

■ Car-Freshner contends that Johnson adopted the mark in bad faith and therefore cannot claim fair use. Car-Freshner bases its argument primarily on the fact that Johnson adopted its tree shape with knowledge of Car-Freshener's use of the tree shape and without consulting counsel. There is no merit to this argument. As Johnson was fully entitled to use a pine-tree shape descriptively notwithstanding Car-Freshener's use of a tree shape as a mark, the fact that it did so without consulting counsel has no tendency to show bad faith. *See U.S. Shoe*, 740 F.Supp. at 199 n. 3 (defendant's knowledge of plaintiff's success with mark is insufficient to show bad faith); Restatement (Third) of Unfair Competition § 28 cmt. d (1995) (describing examples of bad faith).

We therefore reverse the district court's grant of summary judgment to Car-Freshner on the defense of fair use and direct entry of summary judgment in favor of Johnson on that issue. We thus affirm the dismissal of Car-Freshner's complaint.