**COSMETICALLY SEALED INDUSTRIES, INC., Plaintiff–Appellant,**

v.

**CHESEBROUGH-POND'S USA CO. and Jean Philippe Fragrances, Ltd., Defendants–Appellees.**

**No. 1635, Docket 96–9538.**

United States Court of Appeals, Second Circuit.

Argued June 4, 1997.

Decided Sept. 2, 1997.

Derick C. January, Brinton & January, White Plains, NY, for plaintiff-appellant.

Peter D. Vogl, New York City (Berj A. Terzian, Darren W. Saunders, Pennie & Edmonds, New York City, on the brief), for defendants-appellees.

Before: NEWMAN, KEARSE and CALABRESI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal concerns the fair use defense in an action for trademark infringement. Cosmetically Sealed Industries, Inc. ("CSI") appeals from the October 23, 1996, judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, Judge), granting summary judgment to Chesebrough–Pond's USA Co. and its licensee Jean Philippe Fragrances Ltd. (collectively, "Chesebrough") and dismissing CSI's complaint alleging trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1051–1127 (1994).[1] CSI contends that it was error for the District Court to conclude as a matter of law that Chesebrough's use of the phrase "Seal it with a Kiss" in connection with a lipstick promotional display constituted fair use. We affirm.

Facts

CSI manufactures and sells a line of six cosmetic products, one of which is a lip gloss, applied over lipstick to make it, in the words of CSI's promotional materials, "Smear Proof," "Smudge Proof," and "Kiss Proof."[2] The lip gloss is marketed under the registered trademark "SEALED WITH A KISS" and the registered trade dress symbol of a pair of bright red lips. The product was formerly called "MY LIPS ARE SEALED". CSI's other products are used to prolong the wear of various cosmetics or to conceal skin blemishes. The names of all six products contain the word "Sealed." In 1993, Chesebrough, which markets "CUTEX" personal care products, launched a promotional campaign for a new long-wearing lipstick called "CUTEX COLOR SPLASH". The promotional campaign used a fairly large countertop cardboard display holding sixty trial-size lipsticks and a number of complimentary postcards on which appeared a line drawing of a pair of lips and the message, "I thought you could use a kiss." The display invited consumers to take one of the postcards, place a lipstick imprint of her lips on it, and mail it. Beneath the slot holding the cards were the words, in small type, "Take this postcard and send it to the one you love!!" Next to the cards were the words, in slightly larger script type, "Seal it with a Kiss!!" The dominant graphic feature of the display, filling the left one-third of the display card, was a line drawing of a woman's face with bright red lips. The product name "COLOR SPLASH" appeared in the center of the display card in

---

1. The complaint named "Cutex" as a defendant, alleging it to be a subsidiary of Chesebrough–Pond's and a separate corporation. The answer of Chesebrough–Pond's denied that allegation, and "Cutex" as an independent entity appears to have had no further significance in this litigation.

2. We assume that "Kiss Proof" means that a kiss will not disturb a woman's lipstick, not that she will not be kissed.

red block letters, at least twice the size of the lettering for "Seal it with a Kiss!!" Above this name was the brand name "CUTEX" in block letters three times the size of the "Seal it" instruction.

Judge Rakoff ruled that Chesebrough did not use "Seal it with a Kiss!!" as a mark to identify its Color Splash lipsticks, but only as an invitation for the consumer to try one of the Color Splash lipsticks and then to "seal" or imprint one of the complimentary post-cards with a kiss from freshly lipsticked lips. Judge Rakoff concluded that Chesebrough used the words "Seal it with a Kiss" to convey, in their ordinary meaning, an invitation to customers, rather than as a mark to identify a product, and that Chesebrough was therefore entitled to prevail on its fair use defense.

### Discussion

■■■■ Fair use is a defense to liability under the Lanham Act even if a defendant's conduct would otherwise constitute infringement of another's trademark. Section 33(b)(4) of the Lanham Act defines fair use as:

> a use, otherwise than as a mark, of . . . a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of [a] party. . . .

15 U.S.C. § 1115(b)(4) (1994). The defense permits others to use protected marks in descriptive ways, but not as marks identifying their own products. *Car–Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 270 (2d Cir.1995).

Though the terms of the Act recognize the fair use defense where the name or term is used "to describe the goods," that phrase has not been narrowly confined to words that describe a characteristic of the goods, such as size or quality. Instead, we have recognized that the phrase permits use of words or images that are used, in Judge Leval's helpful expression, in their "descriptive sense." *See id.* at 269. In *Car–Freshner*, though the image of a pine-tree shape communicated an aspect of the product, its pine scent, use of the image was also approved because the image referred to the Christmas season in

which the product was sold. *See id.* at 270. This description (by the suggestive use of the image) of the period in which the product was sold was deemed to be a "description of the goods" within the meaning of the fair use defense. Similarly, we have held the fair use defense applicable to a clothing manufacturer's use of the words "Come on Strong" as "describing a presumably desirable effect" of its menswear. *See B & L Sales Associates v. H. Daroff & Sons, Inc.*, 421 F.2d 352, 354 (2d Cir.1970).

In the instant case, the challenged phrase "Seal it with a Kiss" (with or without the two exclamation points) is a clear instance of a non-trademark use of words in their descriptive sense. The phrase conveys the instruction to seal by kissing the complimentary postcard to signify the amorous sentiment conveyed to the recipient of the card. Though the words "Seal it with a Kiss" do not describe a characteristic of the defendants' product, they surely are used in their "descriptive sense"—to describe an action that the sellers hope consumers will take, using their product. *See* Restatement (Third) of Unfair Competition § 28 cmt. c (1995) ("Use of a descriptive term in textual . . . instructions . . . is ordinarily a fair use.").

The defendants' phrase is assuredly close to the plaintiff's mark "SEALED WITH A KISS", differing only in the use of the imperative mood "seal," rather than "sealed," and the addition of the objective pronoun "it." If any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase. *See Car–Freshner*, 70 F.3d at 270. The phrase "sealed with a kiss" is a fixture of the language, used by generations of school girls, who have given it such currency that it is readily recognized when communicated only as an acronym—SWAK.

The non-trademark use of the challenged phrase and the defendants' good faith are both evidenced by the fact that the source of the defendants' product is clearly identified by the prominent display of the defendants' own trademarks. Chesebrough's promotional display clearly and prominently connected the lipstick to the well known "CUTEX"

brand name, as well as to the newer "COLOR SPLASH" product name. The challenged phrase does not appear on the lipstick itself, on its packaging, or in any other advertising or promotional materials related to Chesebrough's product. The phrase appears only in relation to the postcards that consumers are invited to use, as Chesebrough hopes, with its brand of lipstick.

■ Plaintiff contends that defendants' trademark use of the challenged phrase is supported, indeed admitted, by the paragraph of defendants' answer that states that the promotional display has been so successful that the phrase "has come to be associated by consumers of cosmetics products with" defendants' lipsticks. *See* Defendants' Answer ¶ 65. We disagree. So long as the defendants in good faith are using the phrase in its descriptive sense and prominently identifying the product with the defendants' marks, the defendants incur no liability simply because the materials containing the descriptive phrase are so widely disseminated as to form some degree of association in the public's mind between the phrase and the product. That too is a risk the plaintiff took in selecting as its mark a phrase that was not only descriptive but readily recognized by consumers.

### Conclusion

The judgment of the District Court is affirmed.