**McDONALD'S CORPORATION,**
Plaintiff,

v.

**BURGER KING CORPORATION,**
Defendant.

No. 99–73301.

United States District Court,
E.D. Michigan,
Southern Division.

June 13, 2000.

Patrick G. Seyferth, Feeney, Kellett, Bloomfield Hills, MI, James P. Feeney, Bloomfield Hills, MI, for Plaintiff.

Dennis J. Levasseur, Bodman, Longley, Detroit, MI, Arlana S. Cohen, St. Onge, Steward, Stamford, CT, for Defendant.

### *MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MARCH 3, 2000 MOTION FOR SUMMARY JUDGMENT*

O'MEARA, District Judge.

This matter came before the court on the March 3, 2000 motion for summary judgment filed by defendant Burger King Corporation ("BK"). Plaintiff McDonald's Corporation ("McDonald's") filed a response May 5, 2000; and BK filed a reply May 15, 2000. Pursuant to Local Rule 7.1(e)(2)(E.D.Mich. Sept. 8, 1998), no oral argument was heard.

This is an action for false representation under 15 U.S.C. § 1125(a) and common law unfair competition and unfair and deceptive trade practices under Michigan law. The parties are diverse. Plaintiff McDonald's is a Delaware corporation with its principal place of business in Illinois; defendant BK is a Florida corporation with its principal place of business there. The amount in controversy is in excess of $75,-000. 28 U.S.C. § 1332.

### *BACKGROUND FACTS*

In its complaint, filed June 30, 1999, McDonald's asserted claims for unfair competition under 15 U.S.C. § 1125(a), and common law unfair competition and unfair and deceptive practices under Mich. Comp. Laws Ann. §§ 445.901 *et seq.* McDonald's claimed that BK's use of the name "Big Kids Meal" in connection with the sale of a combination meal with a larger portion children's meal infringed on an alleged trademark McDonald's asserts in the name "Big Kid's Meal."

On October 22, 1999, following three days of evidentiary hearings, this court denied McDonald's July 8, 1999 motion for preliminary injunction. After the United States Patent Office had initially rejected McDonald's application for federal regis-

tration, McDonald's, during the time this court was hearing and considering the motion for injunctive relief, filed a stay of its amended application with the Patent Office during pendency of this action.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor, *see United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); and "it is for the jury and not the judge to weigh the evidence and draw inferences from the facts." *Kellogg Co. v. Exxon Corp.*, 209 F.3d 562, 568 (6th Cir.2000).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## LAW AND ANALYSIS

■ Because McDonald's application for federal trademark registration has been rejected and that rejection has yet to be overcome, McDonald's has no federal trademark rights. To prevail in this action, McDonald's must prove that it has common law trademark rights. Other district courts have found that the burden of proving common law trademark rights is greater than that simply to support registration of a mark, *Lucent Information Management, Inc. v. Lucent Technologies, Inc.*, 986 F.Supp. 253, 258 (D.Del.), *aff'd*, 186 F.3d 311, 51 U.S.P.Q.2d 1545 (3d Cir. 1999), and that the showing necessary to

support a common law trademark right is even higher when, as in this case, the plaintiff is seeking to stifle the efforts of others to use a similar mark. *Id.; see, Scholastic, Inc. v. Macmillan, Inc.,* 650 F.Supp. 866, 873 (S.D.N.Y.1987).

The United States Court of Appeals for the Sixth Circuit has held that "a party establishes a common law right to a trademark only by demonstrating that its use of the mark was 'deliberate and continuous, not sporadic, casual or transitory.'" *Circuit City Stores, Inc. v. CarMax, Inc.,* 165 F.3d 1047, 1054–55 (6th Cir.1999).

"[A]s recognized by the common law, a trademark is generally the growth of a *considerable period of use* rather than a sudden invention, and the exclusive right to it grows out of its use and not its mere adoption." *E.F. Prichard Co. v. Consumers Brewing Co.,* 136 F.2d 512, 518 (6th Cir.1943)(emphasis added). "Use sufficient to establish common law trademark rights must be 'sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark.' * * * The activities 'must have substantial impact on the purchasing public.'" *Lucent,* 986 F.Supp. at 259 (citation omitted).

In addition, proper use of a trademark, to establish common law trademark rights or to form the basis for federal trademark registration, requires that the mark be affixed to the goods. "Mere advertisement of a product use by use of a mark would not constitute common law trademark use. * * * Common law trademark rights develop when goods bearing the mark are placed in the market and *followed by continuous commercial utilization.*" *Cullman Ventures, Inc. v. Columbian Art Works, Inc.,* 717 F.Supp. 96, 113 (S.D.N.Y.1989)(emphasis added).

■ In this case it is undisputed that McDonald's used the term "Big Kid's Meal" before BK promoted its "Big Kids Meal." However, McDonald's used its term during a promotion that lasted merely 17 days in a limited geographic area, the Detroit metropolitan area. Viewing the evidence in the light most favorable to McDonald's, the court finds that McDonald's has failed to set forth or identify specific facts showing a genuine triable issue regarding whether its use was deliberate and continuous or only sporadic, casual or transitory. Although McDonald's has pointed to evidence showing the amount it spent for advertising for the promotion, it has failed to identify evidence of the effect that advertising had on its intended audience. As a result, McDonald's has failed to point to evidence sufficient to require submission to the jury the question whether it established common law trademark rights by showing that the use was sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of McDonald's or that the use had a substantial impact on the purchasing public.

In addition, McDonald's never affixed its mark to its packaging. One of the grounds for rejection of McDonald's trademark application for service mark usage was that its specimen did not support service mark usage. Defendant's Ex. 33. Mere advertisement of a product by use of a mark, in this case in two radio commercials and one television commercial and in postings on menu boards and cash registers inside McDonald's restaurants, would not constitute common law trademark use. Therefore, the court finds that McDonald's limited use of the mark is insufficient as a matter of law to give rise to common law trademark rights.

Based on its finding that McDonald's has no common law trademark rights, the court need not reach the issue of classification of the Big Kid's Meal name. Likewise, an analysis of the likelihood of confusion is unnecessary. *Security Ctr., Ltd. v. First National Security Ctrs.,* 750 F.2d 1295, 1302 (5th Cir.1985).

■ Finally, the court notes that even if McDonald's had presented enough evidence to create a genuine issue of material

fact as to whether it had acquired common law trademark rights and whether those rights had been infringed, the doctrine of fair use is an absolute defense to McDonald's claims. Fair use, a common law doctrine, provides that even if trademark rights may be acquired in a word or image with descriptive qualities, those rights will not prevent others from using words in good faith in a descriptive sense. *Car–Freshner Corp. v. S.C. Johnson & Son, Inc.*, 70 F.3d 267, 269 (2d Cir.1995).

■ In this case BK uses "Big Kids Meal" descriptively to identify a larger portion Kids Meal. It is undisputed that the term "Kids Meal" is a generic product name, and it has been used not only by BK but also by other fast food chains for years. BK uses the words "Big Kids Meal" as a heading on its menu board to denote a category of meals available and in combination with its identifying trademark "Burger King" or designation "BK" as in "Burger King Big Kids Meal" or "BK Big Kids Meal." BK's use of "Big Kids Meal" fairly describes the product, a larger portion of a meal for kids. The term does not identify the product as a BK product.

Therefore, the court finds that even if McDonald's acquired common law trademark rights and that they had been infringed by BK, the fair use doctrine presents a sufficient defense against McDonald's claims.

### ORDER

For the reasons set forth above, it is hereby **ORDERED** that defendant Burger King's March 3, 2000 motion for summary judgment is **GRANTED.**